# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JASON M. THOMPSON,

        Petitioner,

vs.

JOHN CONANT,

        Respondent.

Case No. 3:14-cv-00256-SLG

## ORDER DIRECTING SERVICE AND RESPONSE

Jason M. Thompson, a self-represented state prisoner, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] Mr. Thompson challenges the judgment of conviction entered by the Alaska Superior Court in *State v. Thompson*, 3PA-06-02765CR.[2] Mr. Thompson asserts that the grounds on which the Petition is based have been raised in the state courts, up through and including the Alaska Supreme Court, as required by § 2254(b).[3]

---

[1] Docket 1; *see also Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction. . . . However, in construing *pro se* petitions liberally, the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.") (citations omitted).

[2] Docket 1 at 1.

[3] *Id.* at 2-4, 6-8; *see also Thompson v. State*, 210 P.3d 1223 (Alaska App. 2009); *Thompson v. State*, 3PA-09-02586CI (post-conviction petition dismissed, 6/27/11), *affirmed*, *Thompson v. State*, A-11066, 2013 WL 65762729 (Alaska App. Dec. 20, 2013) (unpublished), *petition for hearing denied*, S-15445 (Alaska July 7, 2014).

Therefore, under Rules 4, 5 and 8(b) of the Rules Governing § 2254 Proceedings in the United States District Court, **IT IS HEREBY ORDERED**:

1. By agreement with the Court, the Office of Special Prosecutions and Appeals will accept service on behalf of Respondent.[4] The Clerk of Court is directed to serve a copy of the Petition, at Docket 1, and this Order, on:

> Kenneth Rosenstein
> Office of Special Prosecutions and Appeals
> 310 K Street, Suite 308
> Anchorage, Alaska 99501

2. This case is referred to Magistrate Judge McCoy to hear and decide all procedural or discovery motions and other pre-trial matters and to give the Court his Report and Recommendation, pursuant to Local Magistrate Rule 4(3).

3. The Motion for Appointment of Counsel under the Criminal Justice Act,[5] at Docket 3, is GRANTED.

4. Counsel will be allowed thirty days from the date of appointment to file an Amended Petition or a notice filed stating that no Amended Petition will be filed. An Amended Petition shall include (1) each date that an appeal or post-conviction proceeding was filed in the state courts on behalf of Mr. Thompson that relates to the underlying criminal case; (2) the case number of each such proceeding; and (3) the date of each state court decision addressing each of the claims brought

---

[4] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 (§ 2254 cases), regarding service.

[5] 18 U.S.C. § 3006, *et. seq.*

before this Court. Further amended petitions will only be granted for good cause, and a showing that there is no significant prejudice to the Respondent.

5. The Respondent shall file an answer, motion or other response within thirty days from the date of service of (1) an Amended Petition filed by appointed counsel; or (2) a notice filed by appointed counsel stating that no Amended Petition will be filed. The Respondent shall include a statement as to whether the Respondent asserts that any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the applicable statute of limitations. If the Respondent asserts that any claim is so barred, the response shall include a memorandum of law in support of that position. The Respondent shall also indicate what transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The Respondent shall file with the Court at that time: (a) the transcript of those proceedings that the Respondent considers relevant; and (b) the opinions and dispositive orders of the Alaska Court of Appeals and Alaska Supreme Court relating to the conviction or the sentence.

6. Unless otherwise ordered, merit briefing shall proceed in accordance with Local Habeas Corpus Rule 8.2. Counsel for the Petitioner (shall file, with the opening brief, any brief that the Petitioner submitted in the state appellate courts contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding. The Respondent shall file with the briefing (1) any

brief that the prosecution submitted in a state appellate court relating to the conviction or the sentence, and (2) the opinions and dispositive orders of the state appellate courts relating to the conviction or the sentence.

7. In Habeas Corpus proceedings, the parties are expected to have developed the factual record in state court and resolved all disputed issues of material fact there. Therefore, in most § 2254 cases, proceedings in this Court will be decided on the record from state court.[6] To obtain an evidentiary hearing in federal court, a party must comply with 28 U.S.C. § 2254(e)(2). This Court may hold an evidentiary hearing on its own motion, or on the motion of a party. A motion for an evidentiary hearing must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; and (b) why the state court hearing (if any) was not fair or adequate.[7]

8. No party shall have any direct or *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Thompson

---

[6] *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011); *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011).

[7] D. Ak. HCR 8.1.

may not write letters to, or call, a judge directly. All communication with the Court on behalf of Mr. Thompson in this case must be made through filings by his lawyer.

Dated at Anchorage, Alaska this 9th day of February, 2015.

/s/ SHARON L. GLEASON
United States District Judge