# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT PALMER

State of Alaska, )
)
      Plaintiff, )
)
vs. )
)
Jason Michael Thompson. )
)
      Defendant. )
)

*FILED IN OPEN COURT*
*12-..*

Case No. 3PA-S06-02765 CR

### MOTION IN LIMINE TO EXCLUDE EVIDENCE

**VRA CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

        The Defendant, by and through counsel moves this Court for an order excluding all taped conversations obtained as a result of the Glass Warrant where there was no law enforcement supervision of the monitoring and taping of the conversations between Mr. Thompson and Dawn Dahl.

        In this case, a Glass Warrant was obtained by law enforcement personnel that allowed the monitoring and taping of conversations between Dawn Dahl and Jason Thompson. Law enforcement officers executed this warrant by providing Dahl with the equipment and explaining how it is to be operated. Under *Bohanan v. State*, 992 P.2d 596 (Alaska App. 1999), the Alaska Court of Appeals has upheld the practice of allowing unsupervised execution of Glass Warrants. *Bohanan* however never contemplated the exclusion of unsupervised taping of conversations as it relates to the reliability of the evidence. Specifically, although police

OFFICE OF PUBLIC ADVOCACY
Palmer Office
1517 Industrial Way, Unit #1
Palmer, Alaska 99645
Phone (907) 745-0595 • Fax (907) 745-0597

**Exhibit A, Page 1 of 4**

officers take an oath to uphold the federal and state constitutions no such oath was required of Ms. Dahl.

In this case, Ms. Dahl was permitted to monitor and tape conversations with Mr. Thompson however, the reliability and chain of custody of those tapes cannot be proven by the State because no law enforcement officer was present to attest to the fact that the tapes were not tampered with or portions of the tape, which potentially may have provided exculpatory evidence, were not deleted.

"Ultimately, the standard . . . rests on the proposition that the "function of a trial is to seek out and determine the truth or falsity of the charges brought against the defendant." *Lopez v. United States*, 373 U.S. 427, 440 (83 S.Ct. 1381, 10 L.Ed.2d 462) (1963). To that end, the law must always seek to obtain the best and most reliable evidence. Every effort should be made to record the conversations through the best available means. For a recording will reproduce the very words spoken with all the added significance that comes from inflection, emphasis and the other aspects of oral speech. *See State v. Reyes*, 209 Ore. (Or.) 595, 308 P.2d 182 (1957). The goal of finding the truth in the criminal trial demands no less. The defendant, too, has a stake in the best evidence being presented to the court and jury.

This motion is based upon the attached Affidavit of Counsel.

DATED at Palmer, Alaska May 22, 2007.

OFFICE OF PUBLIC ADVOCACY

Lyle E. Stohler
AK Bar No. 0505040
Assistant Public Advocate

OFFICE OF PUBLIC ADVOCACY
Palmer Office
1617 Industrial Way, Unit #1
Palmer, Alaska 99645
Phone (907) 745-0468 • Fax (907) 745-0467

I certify that on 5/22/07 a true and correct copy of this document was served by mail/fax/hand del __MH__ By __LS__

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

State of Alaska,                          )
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )
                                          )
Jason Michael Thompson.                   )
                                          )
              Defendant.                  )
_____
Case No. 3PA-S06-02765 CR

## AFFIDAVIT OF COUNSEL

STATE OF ALASKA              )
                             )
THIRD JUDICIAL DISTRICT      )

      Lyle E Stohler, being first duly sworn upon his oath, deposes and says:

1.   That I am the attorney representing Mr. Thompson in the above-styled case.

2.   That all assertions are true to the best of my knowledge.

3.   That this motion is not meant for harassment or delay.

      Further your affiant sayeth naught.

_____
Lyle E Stohler
Assistant Public Advocate

SUBSCRIBED AND SWORN to me before on May 22, 2007.

NOTARY PUBLIC FOR ALASKA
My Commission Expires: _____

OFFICE OF PUBLIC ADVOCACY
Palmer Office
1517 Industrial Way, Unit 01
Palmer, Alaska 99645
Phone (907) 745-0635 • Fax (907) 745-0657

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT PALMER

State of Alaska,                       )
                Plaintiff,       )
                        )
vs.                                    )
                        )
Jason Michael Thompson.                )
              Defendant.       )
Case No. 3PA-S06-02765 CR

## ORDER

BASED upon the motion and affidavit in support, it is hereby ordered that the State is precluded from playing any and all tape recorded conversations between Jason Thompson and Dawn Dahl that were not supervised by law enforcement.

DATED at Palmer, Alaska this _____ day of _____, 2007

_____
Judge of the Superior Court

*denied in view obc*

OFFICE OF PUBLIC ADVOCACY
Palmer Office
1517 Industrial Way, Unit #1
Palmer, Alaska 99645
Phone (907) 745-0455 • Fax (907) 745-0457

**Exhibit A, Page 4 of 4**