# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JASON M. THOMPSON,

                Plaintiff,

  vs.

JOHN CONANT,

                Defendant.

Case No. 3:14-cv-00256-SLG

## ORDER RE PETITION FOR WRIT OF HABEAS CORPUS

Before the Court at Docket 43 is Petitioner Jason M. Thompson's Merit Brief in Support of his First Amended Petition for Writ of Habeas Corpus (Docket 19). Respondent John Conant filed a response at Docket 51, to which Mr. Thompson replied at Docket 54. The Petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On October 19, 2017, Magistrate Judge Kevin F. McCoy issued an Initial Report and Recommendation. The magistrate judge recommended that the petition be denied and that this action be dismissed with prejudice. Mr. Thompson filed objections to the Initial Report and Recommendation at Docket 57, to which the Government filed a response at Docket 58. The magistrate judge issued a Final Report and Recommendation at Docket 59 on December 1, 2017, which addressed the objections and continued to recommend that the Petition for Writ of Habeas Corpus be denied.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."[1]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]  But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

The Court has reviewed the parties' briefing, the records on file, and the decisions of the Alaska Court of Appeals on both direct review and on the petition for post-conviction relief.  The Court has considered de novo each of the Petitioner's objections to the Initial Report and Recommendation.  Based on that review, the magistrate judge's Final Report and Recommendation at Docket 59 is ACCEPTED in its entirety, and the First Amended Petition for Habeas Corpus at Docket 19 is DENIED.

The Court further finds that Mr. Thompson has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[4]  Mr. Thompson may request a certificate of appealability

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] In a 28 U.S.C. § 2254 proceeding, a petitioner may only take an appeal if a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22.  Pursuant to § 2253(c)(2), the certificate may only be issued if the petitioner "has made a substantial showing of the denial of a constitutional right."  "The COA inquiry asks whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Beck v. Davis*, 1237 S. Ct. 759, 773 (2017).  Here, Mr. Thompson has not shown that

from the Ninth Circuit Court of Appeals.

The Clerk of Court is directed to enter a final judgment dismissing the petition with prejudice.

DATED this 5th day of February, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

jurists of reason could disagree with the resolution of the constitutional claims presented in this case when applying AEDPA's highly deferential standard.